IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANNIE SHARP, INDIVIDUALLY, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:13-CV-4092-D |
| VS. | § |
| | § |
| TEXAS DEPARTMENT OF FAMILY | § |
| AND FAMILY AND PROTECTIVE | § |
| SERVICES, A TEXAS STATE | § |
| AGENCY, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiff Annie Sharp ("Sharp") sues her former employer, Texas Department of Family Protective Services ("DFPS"),[1] and John J. Specia, Jr. ("Specia"), alleging under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, a claim for discrimination based on race, sex, or color.[2]  DFPS moves under Fed. R. Civ. P. 12(b)(6) to dismiss Sharp's Title VII claim, contending that she failed to exhaust her administrative remedies.  For the following reasons, the court grants the motion and grants Sharp leave to

---

[1] In the caption of her complaint, Sharp refers to DFPS as "Texas Department of Family and Family and Protective Services." In the complaint, she refers to DFPS as "Texas Department of Family and Protective Service." Am. Compl. ¶ I(2). In the instant motion, DFPS refers to itself as "Texas Department of Family Protective Services." D. Mot. to Dis. 1 (upper case font omitted). The court will refer to DFPS by the name it uses in its motion to dismiss.

[2] She also alleges a claim under 42 U.S.C. § 1991, which the court dismissed in a February 26, 2014 order.

replead.

I

Sharp filed this lawsuit against DFPS and Specia, alleging claims under Title VII and 42 U.S.C. § 1991 and seeking punitive and other damages. Defendants filed a partial motion to dismiss, which was addressed to Sharp's claim under 42 U.S.C. § 1991 and her claim for punitive damages. Sharp did not respond to the motion, and the court granted it. DFPS then filed the instant motion to dismiss Sharp's Title VII discrimination claim on the ground that she failed to exhaust her administrative remedies. Sharp has not responded to the motion.

II

"It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted [her] administrative remedies by filing a charge of discrimination with the [Equal Employment Opportunity Commission ('EEOC')]." *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *3 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."); *Bernard v. ATC VanCom*, 2005 WL 139110, at *2 (N.D. Tex. Jan. 20, 2005) (Fitzwater, J.) (dismissing claims for race, color, and age discrimination for failure to exhaust administrative remedies)). "This requirement serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the

conduct about which the employee is aggrieved." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

"The lawsuit that follows [a timely charge with the EEOC] is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination." *Id.* (citing *Young v. City of Houston, Tex.*, 906 F.2d 177, 179 (5th Cir. 1990)). "In other words, the complaint may encompass any kind of discrimination 'like or related to' allegations contained in the EEOC charge." *Id.* (quoting *Sanchez*, 431 F.2d at 466). This test strikes a balance between two competing Title VII policies:

> On the one hand, because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims. Indeed, a less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance.

*Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006) (internal brackets, emphasis, citations, and quotation marks omitted).

III

In support of her Title VII discrimination claim, Sharp alleges:

> Defendant used the following discriminatory employment practices in violation of Title VII; by creating a hostile work environment, by placing her on unwarranted corrective action plans, by compensating her at a lower rate than other employees of her skill, experience, training and education and by ultimately terminating her employment because of her race, sex or color.

Compl. ¶ 9. She also alleges that she "timely filed a charge of discrimination against defendants with the [EEOC]." *Id.* ¶ 6. DFPS has appended to its motion to dismiss a copy of Sharp's EEOC charge.³ The charge of discrimination against DFPS does not allege that Sharp was discriminated against on the basis of race, sex, or color. Although not alone dispositive, *see Pacheco*, 448 F.3d at 792, Sharp checked only the box marked "retaliation" on her charge of discrimination form. D. App. Ex. A. She did not check the boxes for discrimination based on "race," "sex," or "color." *Id.* And in her "Statement of Discrimination" on the same form, which the court can properly consider, *see Hayes*, 2004 WL 1283965, at *6,⁴ Sharp states only: "I believe I was discriminated against in retaliation

---

³The court can consider documents attached to a motion to dismiss if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

⁴
> [W]hen determining whether a claim has been exhausted, the decision is to be based on the four corners of the EEOC charge, but the court may also consult related documents, such as a plaintiff's affidavit, her response to the EEOC questionnaire, and attachments to the response, when (1) the facts set out in the document are a reasonable consequence of a claim set forth in

for having filed several internal administrative complaints, a violation of [Title VII] and Section 704(a)." D. App. Ex. A. Sharp neither mentions any act of discrimination related to her race, sex, or color, nor does she make any factual assertions that would reasonably lead the EEOC to investigate a claim of discrimination based on race, sex, or color. *See, e.g., Hayes*, 2004 WL 1283965, at *8 (dismissing retaliation claim where plaintiff failed to check retaliation box on her EEOC charge and did not mention the word retaliation or explicitly assert retaliatory-type conduct in the attachment to her EEOC questionnaire.). The court thus concludes that Sharp has failed to exhaust her administrative remedies as to her claim for discrimination based on race, sex, or color, and it dismisses the claim.

IV

Although the court is granting DFPS's motion to dismiss, it will allow Sharp to replead. Sharp's failure to exhaust her Title VII claim appears to be incurable, which would normally warrant dismissal without leave to replead.[5] Here, however, Sharp asserted a claim under 42 U.S.C. § 1991, which the court dismissed in response to defendants' prior partial

---

        the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation.

*Hayes*, 2004 WL 1283965, at *6.

   [5]"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation and internal quotation marks omitted).

motion to dismiss. In doing so, however, the court noted that "[i]t is a fair assumption that plaintiff intends to assert a race discrimination claim under 42 U.S.C. § 1981," and that "[t]his is something that can be cured by timely amendment." Feb. 26, 2014 Order at 1 n.2. Although Sharp has never amended in response to the court's order, were she to amend to allege a discrimination claim under § 1981, she would not be required to exhaust it. *See, e.g., Caldwell v. Nat'l Brewing Co.*, 443 F.2d 1044, 1046 (5th Cir. 1971). Therefore, because Sharp can conceivably allege a discrimination claim under § 1981 that is not barred by her failure to exhaust it, the court will grant her leave to replead. She must file her amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

June 3, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE