IN THE UNITED STATES DISTRICT COURT
NOUTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNIE SHARP<br>    *Plaintiff*, | § § § | |
| v. | § § | Case No. 3:13-cv-04092-D |
| TEXAS DEPARTMENT OF FAMILY PROTECTIVE SERVICES and JOHN J. SPECIA, JR., IN HIS OFFICIAL CAPACITY<br>    *Defendants*. | § § § § § § | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and SECOND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME TEXAS DEPARTMENT OF FAMILY PROTECTIVE SERVICES ("DFPS") and JOHN SPECIA, JR., in his official capacity, and files this Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56 and Second Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12 (b)(6), and would show this Court the following:

### I.
### INTRODUCTION

Plaintiff filed claims against DFPS under Title VII for race discrimination with regard to employment actions, including Plaintiff's termination of employment. Doc. #1, ¶¶ 7-9. Plaintiff also brought a claim under 42 U.S.C. §1991 against John J. Specia, Jr., in his official capacity. *Id.*, ¶¶ 3, 10. Defendant Specia filed a Partial Motion to Dismiss for failure to state a claim on January 5, 2014 [Doc. #5] and DFPS filed a Motion to Dismiss Plaintiff's race discrimination claim for lack of subject matter jurisdiction on or about April 29, 2014. Doc. #12. The Court granted both motions. Doc. ## 8 and 15. The Court permitted Plaintiff to amend her complaint to correctly assert a 42 U.S.C. §1981 claim against Defendant Specia. Doc. #15, pp. 5-6.

However, Plaintiff not only amended to assert the corrected §1981 action, she also has included a claim for Title VII retaliation. For the reasons set out below, Plaintiff's amended claims should be dismissed.

## II.
## STANDARD FOR SUMMARY JUDGMENT

A party moving for summary judgment has the burden of showing that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary will not be counted. *Id.* Summary judgment is proper against a party who fails to establish the existence of an element essential to his or her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to defeat summary judgment, the opposing party "must set forth specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-movant's burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Id*. Personal beliefs, no matter how genuinely held, are not evidence on which a verdict may rest because personal beliefs do not raise a genuine issue of material fact. *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246 (5th Cir. 1985). Further, "[m]ere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825 (1992).

## III.
## 12(B)(1) DISMISSAL STANDARD

Federal Rule of Civil Procedure 12 (b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994) (internal citation omitted); *see also Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *M.D. Physicians & Associates, Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981)), *cert. denied,* 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corp.,* 896 F.2d 170, 176 (5th Cir.1990) (citing *Williamson,* 645 F.2d at 413)).

## IV.
## ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Title VII Retaliation Claim Is Barred By Limitations Because She Failed to File Suit on This Claim Within 90 days of Receipt of Notice of Right to Sue.**

Title VII requires a plaintiff to file her complaint "within ninety days after the giving of such notice [of right to sue by the EEOC]." 42 U.S.C. § 2000e–5(f)(1). The requirement to file suit within the ninety-day limitation period is "strictly construed." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir.2002). Courts have "repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* Although the ninety-day filing requirement is not jurisdictional, but rather is more akin to a statute of limitation, "in the absence of extenuating circumstances, it is a statutory precondition to the maintenance of any action under Title VII in federal court." *Hunter–Reed v. City of Houston,* 244 F.Supp.2d 733, 739–40 (S.D. Tex.2003); *see also Taylor*, 296 F.3d at 379; *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147 (1984).

In this case, Plaintiff's charge of discrimination was filed with the EEOC on or about July 11, 2013 complaining of retaliation. Exhibit A. Plaintiff filed her Original Complaint on or about October 10, 2013 only asserting race discrimination claim. Doc. #1. Plaintiff amended her complaint, after her race discrimination claim had been dismissed, and asserted a retaliation claim in her Document #16 First Amended Complaint[1] filed June 27, 2014. However, Plaintiff did not assert a retaliation claim until 352 days after receiving her right to sue, making it untimely. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002)("Courts within [the Fifth] Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.").

---

[1] Plaintiff filed her First Amended Complaint on or about June 27, 2014. Doc. #16. She filed another amended complaint, also entitled, "Plaintiff, Annie Sharp's, First Amended Complaint" on June 30, 2014. Doc.

## B.  Relation Back Doctrine Does Not Apply and, Even If It Did, Plaintiff's Retaliation Claim Would Not Survive a Limitations Challenge.

DFPS is aware that Plaintiff may argue that the amended complaint relates back to the original complaint, for the purposes of timely filing her retaliation claim. Federal Rule of Civil Procedure 15(c) allows an amendment to a pleading to relate back to the date of the original pleading under certain circumstances, for example, when "the law that provides the applicable statute of limitations allows relations back." FED.R.CIV.P. 15 (c)(1)(A).

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.P.A.,* 560 U.S. 538, 541 (2010). Under Rule 15(c), an amended complaint may relate back to the date of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED.R.CIV.P. 15(c)(1)(B).

> This rule:
>
> allows a party to amend an operative pleading despite an applicable statute of limitations in situations where the parties to litigation have been *sufficiently put on notice of facts and claims* which may give rise to future, related claims. The rationale of the rule is that, once litigation involving *a particular transaction* has been instituted, the parties should not be protected by a statute of limitations from later asserted claims that *arose out of the same conduct* set forth in the original pleadings.

*Kansa Reinsurance Co. v. Congressional Mortgage Corp.,* 20 F.3d 1362, 1366-67 (5th Cir. 1994) (emphasis added) (citing 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure §1496 (1990) (hereinafter "Wright & Miller"). "If a plaintiff seeks to

---

#17.

correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint, then relation back is allowed.

However, the heart of Rule 15(c) is "notice, and notice within the limitations period" *Texas Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 407 (5th Cir. 2008) (quoting *Slaughter v. Southern Talc Co.,* 949 F.2d 167, 173–75 (5th Cir.1991)). Thus, notice is the basic test for whether a new complaint can relate back to the original complaint, and "[t]he underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." *Meijer, Inc. v. Biovail Corp.,* 533 F. 3d 857, 866 (D.C. Cir. 2008).  Notice is the critical element involved in Rule 15(c) determinations."  *Flores v. Cameron County*, 92 F.3d 258, 273 (5th Cir. 1996) (quotations and citations omitted).

To determine whether a defendant received sufficient notice of a potential amended claim, the court must focus its inquiry on the underlying facts that the cause of action is based upon.  *Johnson v. Crown Enters., Inc.,* 398 F.3d 339, 342 (5th Cir. 2005).  If the original complaint does not state enough facts to put the defendant on proper notice of the claims, an amendment cannot relate back to it.  *Glover v. F.D.I.C.,* 698 F.3d 139 (3rd Cir. 2012) ("where the original pleading does not give a defendant 'fair notice of what the plaintiff's [amended] claim is and the grounds upon which it rests,' the purpose of the statute of limitations has not been satisfied and it is 'not an original pleading that [can] be rehabilitated by invoking Rule 15(c),'") (quoting *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 149 n. 3 (1984)).

However, "[i]f a plaintiff attempts to interject entirely different conduct or different transactions or occurrences into a case, then relation back is not allowed." *Federal Dep. Ins. Corp. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (citing *Holmes v. Greyhound Lines, Inc.*,

6

757 F.2d 1563, 1566 (5th Cir. 1985)).  Thus, "if the alteration of a statement of a claim contained in an amended complaint is 'so substantial that it cannot be said that the defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back.'"  *Id.* at 1386 (quoting Wright & Miller, *supra,* §1496, at 79).

> 1. *Plaintiff's Amended Complaint is Not Factually Similar to Her Original Complaint to Allow for the Application of the Relation-Back Doctrine.*

Plaintiff's Original Complaint asserts very little in the way of factual background for her race, color and sex discrimination claims.  She alleges:

> Defendant used the following discriminatory employment practices in violation of Title VII; by creating a hostile work environment, by placing her on unwarranted corrective action plans, by compensating her at a lower rate than other employees of her skill, experience, training and education and by ultimately terminating her employment because of her race, sex, or color.

Doc. #1, ¶9.  In contract, Plaintiff's First Amended Complaints asserts:

> Plaintiff worked for the Texas Department of Family and Protective Services under John J. Specia as a Basic Skills Development Trainer IV.  She received superior and successful ratings on her performance evaluations, but according to her supervisors, was terminated because Plaintiff could not get passed the pay scale and for poor work performance.  Plaintiff was actually terminated after she had filed several internal administrative complaints against the Texas Department of Family and Protective Services.
>
> In retaliation for this, Plaintiff was required to undergo several measures that in her seventeen plus years with the Texas Department of Family and Protective Services she had never had to perform, including having to take a speech course because of an unfounded allegation that she was difficult to understand.  Her supervisor alleged, without any supporting evidence, that she was unprepared for class and had provided incorrect information to her trainees.  However, she was allowed to continue training in the classroom despite her alleged deficiencies by her supervisor.  The above are just a few of the alleged retaliatory discrimination practices that were assess against Plaintiff for her filing of internal complaints and grievances.

Doc. #16, ¶¶9-10.

Plaintiff's Original Complaint fails to mention anything about Plaintiff suffering adverse employment actions as a result of filing "several internal administrative complaints against the Texas Department of Family and Protective Services" that are now found in her Amended Complaint.  *See Jeanine v. Porter Hedges, LLC*, 2014 WL 2200322, *5-6 (May 28, 2014) (amended complaint included statement that plaintiff complained of discrimination and that employer failed to prevent retaliation that were not mentioned in original complaint and, therefore, did not relate back).  Plaintiff's original complaint includes hostile work environment, corrective action plans, lower pay and termination based on race, color and sex discrimination. Doc. #1, ¶9.  Her Amended Complaint includes allegations that she filed several internal administrative complaints and as a result, she had to take a speech class and was accused of provided trainees with incorrect information.  Doc. #16, ¶¶9-10.  These new claims are so substantially different from the claims found in her Original Complaint that it fails to put DFPS on notice of possible retaliation claims.  *See Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 962 (10th Cir. 2012) (Retaliation claim did not relate back to original complaint and was untimely because "the retaliation claim raised new and discrete allegations that were not pled in her original complaint," which only alleged race and national origin discrimination, even though retaliation was included in plaintiff's EEOC charge and the original complaint included a constructive discharge allegation).

The Supreme Court has held that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix,* 545 U.S. 644, 650 (2005).  Thus, to avail herself of the benefits of Rule 15(c), Plaintiff must demonstrate that facts supporting both the amendment and the original charge are essentially the same.  However, the fact that Plaintiff

8

included almost no factual background in her Original Complaint is fatal to any untimely amendments that she is trying to relate back to the date that she filed her Original Complaint. Therefore, Federal Rule of Civil Procedure 15(c) does not apply to Plaintiff's retaliation claim and must be dismissed as untimely.

> 2. *Even if Plaintiff's Amended Complaint Relates Back to the Date her Original Complaint Was Filed, Her Retaliation Claim is Still Barred by Limitations.*

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a *timely filed original pleading* and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.P.A.,* 560 U.S. 538, 541 (2010) (emphasis added). Thus, central to the Rule 15(c) relation-back doctrine is the presumption that if the amended claim relates back to the date of the filing of the original complaint, the amended claim would have been timely. However, in this case, the relation-back doctrine does not save Plaintiff's retaliation claim.

Title VII requires persons claiming discrimination or retaliation to file a civil action within ninety days after receipt of a right to sue letter. 42 U.S.C. §2000e–5(f)(1). The Fifth Circuit has held that "the 90–day period of limitation established by 42 U.S.C. §2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

The EEOC issues a Notice of Right to Sue letter regarding Plaintiff's claims on July 11, 2013. Exhibit B1. **On that same date**, Plaintiff met with the EEOC investigator handling her complaint. Exhibit B2. **On that same date,** Plaintiff hand-delivered a letter requesting a right to sue letter. Exhibit B2 & B3. **On that same date,** Plaintiff was handed a copy of the EEOC Notice of Right to Sue. Exhibit B2. She then filed her Original Complaint on October 10, 2013, 92 days after receiving her Notice of Right to Sue. *See Ringgold v. Nat'l Maint. Corp.*,

9

796 F.2d 769, 770 (5th Cir. 1986) ("'[Plaintiff's] suit, filed 92 days after delivery to his designated counsel of the right-to sue letter, was untimely.'"). Thus, even if Plaintiff had asserted her retaliation claim in her Original Complaint, the claim would still have to be barred by limitations because it was not brought within the requite 90-day time period. *See Williams v. Lampe*, 399 F. 3d 867, 870 (7th Cir. 2005) ("In order to benefit from Fed. R. Civ. P. 15(c)'s 'relation back' doctrine, the original complaint must have been timely filed."). Therefore, DFPS is entitled to summary judgment as to Plaintiff's Title VII retaliation claim.

C. **Plaintiff May Not Bring a Cause of Action Under 42 U.S.C. §1981 Against Defendants.**

42 U.S.C. §1981(a) (2006) provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." Congress defined the phrase "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981(b). Section 1981 does not explicitly provide a remedy for violating these rights. However, the Supreme Court has read §1981 "to reach private action and have implied a damages remedy to effectuate the declaration of rights contained in that provision." *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 731 (1989). Accordingly, private actors who violate these rights may be sued directly under §1981. *Id*.

However, Plaintiff may not assert a §1981 claim against DFPS or Defendant Specia, in his official capacity. The text of §1981 states that the section applies to protect against "nongovernmental discrimination." 42 U.S.C. §1981(c). Indeed, "section 1981 does not provide a separate cause of action against governmental entities." *King v. Louisiana*, 294 Fed. Appx. 77, 84 n. 9 (5th Cir.2008). In *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458 (5th Cir.2001), the

10

Fifth Circuit held that "§1981 implicitly created an independent cause of action against *private* actors because no other statute created such a remedy," but that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." *Id.* at 463 (citing *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 732 (1989)).

Further, Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §1981.  *See Jett v. Dallas Ind. Sch. Dist.,* 798 F.2d 748, 762 n. 13 (5th Cir.1986), *aff'd in part, remanded in part,* 491 U.S. 701 (1989) (*citing Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir.1981)(concluding that, in enacting section 1981, Congress did not abrogate the states' Eleventh Amendment immunity and that State of Texas did not waive Eleventh Amendment immunity of a state agency)); *Bates v. UTMB*, 425 F.Supp.2d 826, 839 (S.D. Tex. 2003).  As Plaintiff asserts in her second First Amended Complaint [Doc. #16], DFPS is a "Texas State Government Agency."  Doc. #16, ¶2.  As a state entity, DFPS is protected by Eleventh Amendment immunity, just like the State itself and enjoys the same sovereign immunity as the State of Texas itself.   Thus, Plaintiff cannot pursue his §1981 claim against DFPS, a state entity and it must be dismissed pursuant to Rule 12(b)(6).

Similarly, Plaintiff may not assert a §1981 claim against Defendant Specia, in his official capacity.  A state employee sued in his official capacity is not a suit against the person but rather his office.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (explaining that a suit against an official in his or her official capacity is not a suit against the official personally, but rather a suit against the official's office).  Thus, Defendant Specia, in his official capacity, enjoys the same immunity offered to state entities.  *See Wallace v. Texas Tech University,* 80 F.3d 1042, 1047 n. 3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against

11

the state itself."). Since sovereign immunity prohibits a §1981 claim against DFPS, it also prohibits a §1981 claim against Defendant Specia, in his official capacity. Thus, Plaintiff's claims under 42 U.S.C. §1981 must be dismissed.

## V.
## CONCLUSION

For the reasons stated above, Defendants Texas Department of Family Protective Services and John J. Specia, Jr., in his official capacity, respectfully request that the Court grant their Second Motion to Dismiss.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
General Litigation, Division Chief

 *s/   Erika M. Laremont*
ERIKA M. LAREMONT
State Bar No. 24013003
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas  78711-2548
512-463-2120
512-320-0667  FAX
erika.laremont@texasattorneygeneral.gov
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Thomas W. McKenzie
McKenzie, Schatz & Milks, LPPC
1615 W. Abram Street, Suite 110
Arlington, Texas 76054
817-282-3868
817-268-1563  FAX
tom@tommckenzielawoffice.com

                                         s/ *Erika M. Laremont*
                                         ERIKA M. LAREMONT
                                         Assistant Attorney General