IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANNIE SHARP, INDIVIDUALLY,          §
                                    §
                    Plaintiff,      §
                                    §  Civil Action No. 3:13-CV-4092-D
VS.                                 §
                                    §
TEXAS DEPARTMENT OF FAMILY          §
AND FAMILY AND PROTECTIVE           §
SERVICES, A TEXAS STATE             §
AGENCY, et al.,                     §
                                    §
                    Defendants.     §

MEMORANDUM OPINION
AND ORDER

Plaintiff Annie Sharp ("Sharp") sues her former employer, Texas Department of

Family Protective Services ("DFPS"),[1] and John J. Specia, Jr. ("Specia"), alleging claims for

race and color discrimination, and retaliation, under Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.  Defendants move for

summary judgment under Fed. R. Civ. P. 56, and to dismiss for lack of subject matter

jurisdiction under Rule 12(b)(1).[2]  For the reasons that follow, the court grants their motion

---

[1]In the caption of her first amended complaint, Sharp refers to DFPS as "Texas Department of Family and Family and Protective Services."  In the complaint, she refers to DFPS as "Texas Department of Family and Protective Service."  Am. Compl. ¶ 2.  In the instant motion, DFPS refers to itself as "Texas Department of Family Protective Services." Ds. Br. 1 (upper case font omitted).  The court will refer to DFPS by the name it uses in its motion to dismiss.

[2]Defendants cite Rule 12(b)(6) in the introduction to their motion, but it is apparent that they are relying on Rule 12(b)(1), which they cite when addressing the dismissal standard on which they rely.

for summary judgment as to Sharp's Title VII retaliation claim and grants their motion to

dismiss Sharp's § 1981 claim for lack of subject matter jurisdiction.  Based on this and prior

rulings in this case, the court dismisses this action by judgment filed today.

I

On July 11, 2013 Sharp filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC").  On the form, she checked the box stating that she was

complaining of "DISCRIMINATION BASED ON" "RETALIATION."   Sharp's

"STATEMENT OF DISCRIMINATION" was as follows: "I believe I was discriminated

against in retaliation for having filed several internal administrative complaints, a violation

of [Title VII]."  Ds. App. Ex. A.  The EEOC issued Sharp a right-to-sue letter that same day,

although Sharp maintains that she did not receive it until at least two days later.

On October 10, 2013 Sharp filed this lawsuit against DFPS and Specia in his official

capacity, alleging discrimination claims under Title VII and 42 U.S.C. § 1991, and seeking,

*inter alia*, punitive damages.  Defendants filed a partial motion to dismiss addressed to

Sharp's claim under 42 U.S.C. § 1991 and her claim for punitive damages.  Sharp did not

respond to the motion, and the court granted it.

DFPS then filed a motion to dismiss Sharp's Title VII claim for discrimination based

on race, sex, or color on the ground that Sharp had failed to exhaust her administrative

remedies as to this claim.  Sharp again failed to respond to defendants' motion, and the court

granted it.  The court held that Sharp had failed to exhaust her administrative remedies as to

her Title VII discrimination claim, but it granted her leave to replead because she could

conceivably bring a discrimination claim under 42 U.S.C. § 1981 that was not subject to exhaustion requirements. *Sharp v. Tex. Dep't of Family & Family & Protective Servs.*, 2014 WL 2475894, at *2 (N.D. Tex. June 3, 2014) (Fitzwater, C.J.) ("*Sharp I*").

On June 30, 2014 Sharp filed a first amended complaint in which she alleges claims for race and color discrimination, and retaliation, under Title VII and § 1981. Defendants move for summary judgment and to dismiss Sharp's newly-pleaded Title VII retaliation claim and her § 1981 claims for discrimination and retaliation[3] that are brought against DFPS and Specia in his official capacity. Sharp opposes the motion.

## II

The court begins with Sharp's Title VII retaliation claim, which defendants contend is time-barred. The court will address this ground of defendants' motion under the summary judgment standard.

## A

Limitations is an affirmative defense on which defendants will have the burden of proof at trial. *See, e.g., Sivertson v. Clinton*, 2012 WL 4473121, at *2-3 (N.D. Tex. Sept. 28, 2012) (Fitzwater, C.J.) (characterizing as affirmative defense assertion that claim brought under Title VII was untimely). To obtain summary judgment on the defense of limitations, defendants must establish "beyond peradventure all of the essential elements of the . . . defense." *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D.

---

[3]The court construes Sharp's amended complaint to assert § 1981-based claims for discrimination and retaliation and therefore refers to her § 1981 "claims."

Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.

1986)). This means that defendants must demonstrate that there are no genuine and material

fact disputes and that they are entitled to summary judgment as a matter of law. *See Martin*

*v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the

'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d

914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire &*

*Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

B

Defendants contend that, because Sharp did not file her retaliation claim within 90

days of receiving her right-to-sue letter from the EEOC, this claim is time-barred. They

maintain that the relation-back doctrine is inapplicable because Sharp's retaliation claim is

not factually similar to the discrimination claim that she alleged in her original complaint

("complaint"). Sharp responds that the discrimination claim in her complaint and the

retaliation claim in her amended complaint arise out of the same transaction or occurrence,

and because she complained of retaliatory practices in her complaint and mentions that her

employment was ultimately terminated, these facts, taken with the alleged discriminatory

practices, put defendants on notice of her possible retaliation claim.

C

In deferral states such as Texas, an aggrieved party must file a charge of

discrimination with the EEOC within 300 days after the alleged unlawful practice occurred.

*See* 29 U.S.C. § 626(d)(1)(B); *see also Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir.

- 4 -

1988).  "[I]f the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a letter informing the aggrieved party that it has the right to sue in federal district court . . . within 90 days of the receipt of the letter." *Martin*, 353 F.3d at 411 (citing 29 C.F.R. § 1601.19(a)).  "A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC.  The ninety-day window is strictly construed and is a precondition to filing suit in district court." *Smith v. Alcorn State Univ.*, 451 Fed. Appx. 464, 465 (5th Cir. 2011) (per curiam) (quoting *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (internal quotation marks omitted)).

It is undisputed that Sharp did not file her retaliation claim within 90 days of receiving her right-to-sue letter from the EEOC.  She did not allege this claim until she filed her first amended complaint.  Under Rule 15(c), however,

> in certain circumstances, amendments to pleadings relate back to the date of the original pleading.  One of those circumstances is when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.  Thus, the focus is not the caption given a particular cause of action, but the underlying facts upon which the cause of action is based.  The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation.

*Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 342 (5th Cir. 2005) (citations, quotation marks, and ellipsis omitted).  "Amendments that correct technical deficiencies in a pleading or serve to expand the facts alleged in the original pleading satisfy the relation back

requirements of rule 15(c)." *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102 (5th Cir. 1995). Similarly, if an amended complaint presents a new legal theory based on the same operative facts, the amendment will relate back. *See F.D.I.C. v. Bennett*, 898 F.2d 477, 478-79 (5th Cir. 1990). The relation-back doctrine is "liberally applied . . . 'based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitation than one who is informed of the precise legal description of the rights sought to be enforced.'" *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968) (citation omitted); *see also Galvan v. Bexar Cnty.*, 785 F.2d 1298, 1305 (5th Cir. 1986) ("The doctrine of relation back under Rule 15(c) is to be 'liberally applied.'" (citation omitted)).

In her complaint, Sharp alleged:

> Defendant used the following discriminatory employment practices in violation of Title VII; by creating a hostile work environment, by placing her on unwarranted corrective action plans, by compensating her at a lower rate than other employees of her skill, experience, training and education and by ultimately terminating her employment because of her race, sex or color.

Compl. ¶ 9. She also asserted that she "timely filed a charge of discrimination against defendants with the [EEOC]." *Id.* ¶ 6. And in her charge of discrimination, which DFPS attached to its April 29, 2014 motion to dismiss and which defendants attach to their summary judgment motion, Sharp checked the box stating that she was complaining of "DISCRIMINATION BASED ON" "RETALIATION," and her "STATEMENT OF DISCRIMINATION" was as follows: "I believe I was discriminated against in retaliation for

having filed several internal administrative complaints, a violation of [Title VII]." Ds. App. Ex. A.

In her amended complaint, Sharp bases her Title VII retaliation claim on the following:

> Plaintiff worked for [DFPS] under [Specia] as a Basic Skills Development Trainer IV. She received superior and successful ratings on her performance evaluations, but according to her supervisors, was terminated because Plaintiff could not get passed the pay scale and for poor work performance. Plaintiff was actually terminated after she had filed several internal administrative complaints against [DFPS].
>
> In retaliation for this, Plaintiff was required to undergo several measures that in her seventeen plus years with [DFPS] she has never had to perform, including having to take a speech course because of an unfounded allegation that she was difficult to understand. Her supervisor alleged, without any supporting evidence, that she was unprepared for class and had provided incorrect information to her trainees. However, she was allowed to continue training in the classroom despite her alleged deficiencies by her supervisor. The above are just a few of the alleged retaliatory discrimination practices that were assessed against Plaintiff for her filing of internal complaints and grievances.

Am. Compl. ¶¶ 9-10. Sharp also alleges that DFPS "instituted a campaign of retaliation which included termination." *Id.* ¶ 16.

Sharp's complaint alleges that defendants discriminated against her by, *inter alia*, terminating her employment. Her retaliation claim is based, at least in part, on this same underlying conduct. Moreover, Sharp clearly referred to her EEOC charge in her complaint. And in her EEOC charge, she not only checked the "RETALIATION" box, she also stated

- 7 -

her belief that she was retaliated against for having filed several internal administrative complaints, in violation of Title VII. As noted in defendants' appendix, the EEOC mailed to respondent (i.e., DFPS) a copy of Sharp's EEOC complaint and right-to-sue letter on July 15, 2013, which gave DFPS fair notice of Sharp's retaliation complaint nearly three months before she filed her complaint. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 1779666, at *1 (N.D. Tex. Mar. 22, 2010) (Sanderson, J.) (holding that Title VII claims raised for first time in amended complaint related back to date of complaint because plaintiff alleged Title VII claim in EEOC charge, which defendant received, and thus defendant had fair notice of plaintiff's discrimination claim), *rec. adopted*, 2010 WL 1779664, at *1 (N.D. Tex. Apr. 29, 2010) (Fitzwater, C.J.).

Accordingly, the court concludes that because Sharp's Title VII retaliation claim concerns the same underlying facts—namely, Sharp's termination—as are alleged in her complaint, and because defendants had fair notice of this claim, the claim relates back to the date of her complaint.

D

1

Defendants next argue that, even if Sharp's amended complaint relates back to the date of her complaint, her claims are still time-barred because her complaint was not filed within 90 days of the date she received her right-to-sue letter from the EEOC. They contend that on July 11, 2013, the following three events occurred: the EEOC issued the right-to-sue letter regarding Sharp's claim; Sharp hand-delivered a letter to the EEOC requesting a right-

to-sue letter; and the EEOC handed Sharp a copy of the right-to-sue letter.  Defendants maintain that, because Sharp received a copy of the right-to-sue letter on July 11, 2013 and filed her complaint 92 days later,[4] Sharp's complaint was not timely filed.

Sharp responds that the EEOC case log, on which defendants rely, creates a material fact issue because it is unclear from that document whether Sharp received the right-to-sue letter on July 11, 2013 or September 11, 2013.  Sharp also contends that defendants have failed to adduce evidence that she *received* the right-to-sue letter on July 11, 2013, because the letter itself states that it was "mailed on" July 11, 2013, meaning that the earliest Sharp could have received it is July 13, 2013.

2

The question whether Sharp's Title VII retaliation claim is time-barred based on her failure to file suit within 90 days is governed by a different standard from the one that controls the Rule 15 relation-back doctrine.  Unlike that doctrine, which is "'liberally applied,'" *Galvan*, 785 F.2d at 1305 (citation omitted), "[t]he ninety-day window is strictly construed and is a precondition to filing suit in district court," *Smith*, 451 Fed. Appx. at 465 (quoting *Duron*, 560 F.3d at 290) (internal quotation marks omitted)).  The court concludes that defendants have established beyond peradventure that Sharp received the right-to-sue letter on July 11, 2013.  Although the right-to-sue letter itself states "Date Mailed" under the handwritten date of July 11, 2013, defendants have produced evidence that would only

---

[4]Sharp's October 10, 2013 complaint was actually filed 91 days after July 11, 2013.

enable a reasonable jury to find that the EEOC gave Sharp the right-to-sue letter on July 11, 2013. The EEOC case log prepared for Sharp's case[5] indicates, on what can only be understood as July 11, 2013,[6] that "CP [(charging party)] rec'd copy of Form 5 [(charge of discrimination form)] + RTS Dismissal to give to her attorney." *Id.* at B2. A July 15, 2013 entry indicates that the EEOC mailed a copy of the right-to-sue letter to "R" (Respondent), but there is no entry indicating that the right-to-sue letter was *mailed* to Sharp, either on July 11, 2013 or at some later date. Sharp argues that "[s]ince the letter indicates that it was 'mailed' to Plaintiff the 90 days statute of limitations did not start until Plaintiff's receipt of the notice of right to sue." P. Br. 7. But she does not adduce any evidence, other than the fact that the pre-printed form letter states "Date Mailed," that the right-to-sue letter was in fact mailed to her or that she did not actually receive a copy of the letter on July 11, 2013, as indicated in the EEOC case log. In other words, the summary judgment record contains no evidence that would refute defendants' evidence that Sharp actually received a copy of

---

[5]Defendants have produced a "certification/attestation of records" stating that the case log is a true and correct copy from the EEOC and "is a government document that is kept by the EEOC in the ordinary course of business." D. App. Ex. B.

[6]Sharp argues that the handwritten date for when the right-to-sue letter was received is either July 11, 2013 or September 11, 2013. But given the context of the entry, a reasonable jury could not find that Sharp received the letter on September 11, 2013. The entry that immediately precedes the one in question is dated July 11, 2013, and the entry that immediately follows it is dated July 15, 2013. All of the other dates in the case log are listed in chronological order. Moreover, the final entry in the case log is July 23, 2013, reflecting the closure of Sharp's case. Sharp offers no explanation for why the EEOC would have mailed her right-to-sue letter—which clearly reflects the date of July 11, 2013 as the "Date Mailed"—on September 11, 2013, after the case had been closed for nearly two months.

the right-to-sue letter on July 11, 2013.  Accordingly, the court holds that defendants have established beyond peradventure that Sharp received the right-to-sue letter on July 11, 2013.

Sharp's October 10, 2013 complaint was not filed within 90 days of July 11, 2013, and was therefore untimely.  Even though Sharp's retaliation claim asserted in her first amended complaint is deemed to relate back to the date she filed her complaint, because Sharp's complaint was not filed within 90 days of receiving her right-to-sue letter, her Title VII retaliation claim is time-barred.  The fact that she filed suit on the 91st day may make this result seem harsh, but because "[t]he ninety-day window is strictly construed and is a precondition to filing suit in district court," *Smith*, 451 Fed. Appx. at 465 (quoting *Duron*, 560 F.3d at 290) (internal quotation marks omitted), this result is dictated by law.

Accordingly, the court grants defendants' motion for summary judgment dismissing Sharp's Title VII retaliation claim.[7]

### III

Defendants next move to dismiss Sharp's § 1981 claims, which she alleges against DFPS and Specia in his official capacity.  The court will address this ground of defendants' motion under the Rule 12(b)(1) standard.[8]

---

[7]To the extent Sharp asserts a Title VII-based discrimination claim in her amended complaint, the court adheres to its decision in *Sharp I* dismissing the claim for failure to exhaust administrative remedies.  *See Sharp I*, 2014 WL 2475894, at *2.

[8]*See Palo ex rel. Estate of Palo v. Dallas Cnty.*, 2005 WL 2090640, at *1 (N.D. Tex. Aug. 29, 2005) (Fitzwater, J.) (explaining that Eleventh Amendment immunity must be addressed through a Rule 12(b)(1) motion, construing Rule 12(b)(6) motion as Rule 12(b)(1) motion, and dismissing claim without prejudice (citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d

A

Defendants contend that § 1981 does not provide a cause of action against governmental entities; that DFPS is a state entity protected by the Eleventh Amendment and that Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1981; and that because sovereign immunity prohibits a § 1981 claim against DFPS, it also prohibits a § 1981 claim against Specia in his official capacity.  Sharp does not respond to defendants' contentions.

B

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The reference to actions "against one of the United States" has been interpreted to "encompass[] not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."  *Sw. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).  Eleventh Amendment "immunity applies unless it is waived by consent of a state or abrogated by Congress."  *Stiff v. Stinson*, 2013 WL 3242468, at *3 (N.D. Tex. May 28, 2013) (Ramirez, J.) (quoting *Curry v. Ellis Cnty., Tex.*, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (Lindsay, J.)), *rec. adopted*, 2013 WL

_____

341, 343 (5th Cir. 1996))).

- 12 -

3242468 (N.D. Tex. June 27, 2013) (Fitzwater, C.J.).

When Eleventh Amendment immunity applies, it deprives the court of subject matter jurisdiction. *See, e.g., Ross v. Tex. Educ. Agency,* 409 Fed. Appx. 765, 768 (5th Cir. 2011) (per curiam) ("We review Eleventh Amendment sovereign immunity determinations, as we do other questions of subject matter jurisdiction, as a question of law *de novo*."). A Rule 12(b)(1) motion challenging the court's subject matter jurisdiction can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citing *Paterson*, 644 F.2d at 523).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

- 13 -

C

The court grants defendants' motion to dismiss Sharp's § 1981 claims for lack of subject matter jurisdiction.  Sharp does not dispute that DFPS is an arm or instrumentality of the State of Texas and that its immunity has not been waived.  *See* Am. Compl. ¶ 2 (alleging that DFPS is a "Texas State Government Agency"); *see also Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 Fed. Appx. 309, 312 (5th Cir. 2011) (per curiam) ("[DFPS] is undisputedly a state entity that has not waived its immunity." (citing *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990))); *Smith-Lindley v. Tex. Dep't of Family & Protective Servs.*, 2013 WL 4766850, at *1 (N.D. Tex. Aug. 14, 2013) (Toliver, J.) ("Defendant State of Texas, Department of Family and Protective Services is immune from suit in this Court under the Eleventh Amendment of the United States Constitution."), *rec. adopted*, 2013 WL 4766850 (N.D. Tex. Sept. 5, 2013) (Kinkeade, J).  And courts have held that Congress did not abrogate Eleventh Amendment immunity in enacting 42 U.S.C. § 1981.  *See Early v. S. Univ. & Agric. & Mech. Coll. Bd. of Supervisors*, 252 Fed. Appx. 698, 700 (5th Cir. 2007) (per curiam) (holding that the Eleventh Amendment required dismissal of § 1981 claim asserted against state agency and defendants named in their official capacities).  Accordingly, the court concludes that it lacks subject matter jurisdiction over Sharp's § 1981 claims brought against DFPS.

The court also concludes that it lacks subject matter jurisdiction over Sharp's § 1981 claims brought against Specia in his official capacity.  It is clearly established that a suit against a government official in his official capacity is "only another way of pleading an

action against an entity of which [the official] is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because the Eleventh Amendment divests this court of subject matter jurisdiction over Sharp's § 1981 claims against DFPS, it also prevents the court from adjudicating Sharp's § 1981 claims brought against Specia in his official capacity.[9] *See Thomas*, 427 Fed. Appx. at 312 ("[S]uits against employees of state entities in their official capacity run afoul of the Eleventh Amendment.") (citing *Stem*, 908 F.2d at 13). The court therefore grants defendants' motion to dismiss Sharp's § 1981 claims asserted against them, and it dismisses these claims without prejudice.

IV

In summary, in an order filed February 26, 2014, the court granted defendants' motion to dismiss Sharp's claim under 42 U.S.C. § 1991 and her claim for punitive damages. In *Sharp I* the court dismissed Sharp's Title VII claim for discrimination based on race, sex, or color on the ground that she had failed to exhaust her administrative remedies as to this claim. *Sharp I*, 2014 WL 2475894, at *2. The court is today dismissing Sharp's Title VII-based retaliation claim on the ground that it is barred by limitations, and it is dismissing her

---

[9]Although the *Ex parte Young* doctrine creates an exception to this rule concerning suits for prospective relief against individual state actors, *Ex parte Young* "has no application in suits against . . . States and their agencies." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Moreover, Sharp does not seek prospective injunctive relief from Specia.

§ 1981 claims without prejudice for lack of subject matter jurisdiction.

\*    \*    \*

For the foregoing reasons, the court grants defendants' motion for summary judgment dismissing Sharp's Title VII retaliation claim and grants their motion to dismiss Sharp's § 1981 claims without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**.

November 7, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE